Filed 5/27/21  P. v. Mack CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C091646 |
| Plaintiff and Respondent, | (Super. Ct. No. F19000255) |
| v. | |
| BRIAN JAVON MACK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brian Javon Mack filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we have discovered several errors related to the fees, fines, and assessments imposed by the trial court.  We shall modify the judgment to add certain

1

mandatory fees and order the abstract of judgment be amended and corrected as described further below. We otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, defendant and three cohorts entered a T-Mobile phone store in Grass Valley shortly before closing and stole nearly $9,000 worth of cell phones. They were apprehended a short time later after an eyewitness followed them and called police.

A September 2019 information charged defendant with two counts of second degree robbery of the two store employees. (Pen. Code, § 211—count one (of M.S.) and count two (of C.J.).)[1] It was alleged that defendant had a prior strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)), and committed the offenses while on felony probation (§ 1203, subd. (k)). Defendant pleaded not guilty and denied the allegations.

In October 2019, defendant moved to set aside the information under section 995, arguing insufficient evidence of the force or fear element for robbery was presented during the preliminary hearing. The People opposed and the court denied the motion.

*First Jury Trial*

In November 2019, the matter was tried to a jury. C.J. and M.S., as well as several responding officers and the eyewitness, testified. Defendant did not present any witnesses. The jury deadlocked during deliberations and the court declared a mistrial.

*Second Jury Trial*

Defendant was retried before a new jury in January 2020; the allegation regarding his prior conviction was bifurcated. The court denied the prosecutor's motion to utilize M.S.'s testimony from the first trial based on witness unavailability.

---

[1]    Undesignated statutory references are to the Penal Code.

2

During the second trial, eyewitness Hannah J. testified that around 7:40 p.m. on November 15, 2018, she pulled into the parking lot of the Asian Gardens restaurant in Grass Valley to pick up some food. As she parked her car, she noticed a silver Jeep with several people inside parked crooked in the space next to her. After picking up her food, she returned to her car and noticed that three of the men were now standing behind the Jeep while the driver looked back at them from inside the vehicle. The sight struck Hannah as "suspicious," as she believed the Jeep could be a "getaway" car. She repositioned her car in a different area of the parking lot to observe.

The three men entered a nearby T-Mobile store where C.J. and M.S. were working.[2] They each had "hoodie" sweatshirts cinched over their faces. As they entered, C.J. greeted them. One of the men said, "[s]hut the fuck up, nigga." The men immediately went to a display wall and began ripping cell phones off the display. The employees stayed behind the register on the opposite side of the store. C.J. testified that he was afraid; he was unsure what might happen during the incident or if any of the men had guns.

The three men quickly exited the store with several stolen phones. A fourth man, later identified as defendant, briefly entered the store, grabbed something off the floor, and then ran off with the other three. The incident was captured on the store surveillance camera, which was played for the jury.

Hannah saw the men run from the T-Mobile store carrying items in their hands and hop into the Jeep. She followed the Jeep as it drove out of the parking lot and merged onto the freeway. While following the car, she called police.

Officers took over the chase; the Jeep eventually pulled over and defendant and the others fled. They were apprehended a short time later. Electronic devices taken from

---

**2**    Zachary Hidvegi entered the store first, followed by Travonn Dill and Isaiah Shepherd; none are parties to this appeal.

the T-Mobile store were found in and around the Jeep and along the freeway. For purposes of trial, the parties stipulated that the stolen cell phones were worth $9,000.

Defendant testified on his own behalf. According to him, he traveled with Hidvegi, Dill, and Shepherd, whom he had known for a couple years, to Grass Valley where they planned to steal phones from the T-Mobile store to sell for money. Specifically, they planned to run into the store "real fast, snatch [the phones] off the display mounts and then run back out to the car." No one had any weapons, and if the employees resisted, they would "drop everything and just run."

Defendant noticed Hannah staring at them from her car. He testified that he had a bad feeling and did not want to go into the store. He remained in the car while his cohorts got out and went inside. When one of the men ran out, he "got curious" and went up to the door. As the other men exited, he saw something on the floor, a "loose object," and he went inside, grabbed it, and ran back out. After seeing police lights following them, they pulled the car over and everyone got out and started running.

During cross-examination, defendant admitted he had been convicted of first degree burglary in 2017. He said he went to steal the phones because he was unemployed and needed money. They cinched up the hoodies to disguise their faces. He denied that having their hoodies pulled up over their faces could scare people.

The jury found defendant not guilty of robbery (§ 211), but guilty of two counts of the lesser included offense of grand theft (§ 487). Thereafter, the court discharged the jury.

In January 2020, defendant filed a motion arguing that further trial on his alleged prior conviction violated the federal and state double jeopardy clauses. The court denied the motion. Defendant waived jury trial on his prior, and the court found the prior conviction allegation true.

4

After the court denied his *Romero*[3] motion, the court sentenced defendant in February 2020 on count one to the upper term of three years, doubled to six years for the strike prior. The court imposed the upper term of three years on count two, doubled to six years for the strike prior, and stayed the sentence under section 654. The court awarded defendant 463 days of actual credit plus 460 days of conduct credit for a total of 923 days of credit. Without objection, the court imposed a $735 penalty assessment, a $40 court operations assessment (§ 1465.8), a $30 court facilities assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4), and a $300 parole revocation restitution fine, which was stayed unless parole was revoked (§ 1202.45). The court also imposed a $300 probation revocation fine (§ 1202.44), which was previously imposed in a prior case where defendant was found in violation of probation based on the current offenses, and a $500 fee for the cost of the presentence report. Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

After examining the record, we conclude the trial court erred in imposing the fees, fines, and assessments during sentencing. While the court imposed a $40 court operations assessment and a $30 court facilities assessment, those amounts should have been $80 and $60, respectively, because defendant was convicted of two offenses rather than one. (§ 1465.8 [court operations assessments applies to each offense]; Gov. Code,

---

[3]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

5

§ 70373 [court facilities assessment applies to each offense]; *People v. Woods* (2010) 191 Cal.App.4th 269, 271-272 [court operations and court facilities assessments are mandatory].) Although the court stayed the sentence on count two, because the mandatory assessments are not punitive in nature, section 654 does not apply to the assessments. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 865 [§ 654 prohibits use of conviction for any punitive purpose if that sentence on that conviction is stayed]; *People v. Alford* (2007) 42 Cal.4th 749, 747 [§ 1465.8 not punitive in nature]; *People v. Fleury* (2010) 182 Cal.App.4th [Gov. Code, § 70373 not intended as punishment].)

We further note that the trial court lifted the stay on a $300 probation revocation fine, apparently based on probation having been revoked in defendant's prior burglary case given his current convictions. The abstract of judgment fails to reflect the probation revocation fine. Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

Finally, we note that generally the abstract of judgment filed by a trial court must include "a detailed recitation of all the fees, fines and penalties on the record." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; see *People v. Sharret, supra*, 191 Cal.App.4th at p. 864 [reasoning that the trial court may orally impose penalties by shorthand references to "penalty assessments" but the trial court clerk should then specify penalties in the minute order and abstract of judgment].) Here, during the sentencing hearing, the trial court imposed a $735 penalty assessment, but did not provide any further explanation of the basis for the assessments during the hearing, in the minute order, or in the abstract of judgment. Accordingly, we shall order the clerk to amend the abstract of judgment to separately list, with the statutory basis, all fines, fees, and penalties imposed. (*High,* at p. 1201.)

6

## DISPOSITION

Defendant's convictions are affirmed. The judgment is modified to include an $80 court operations assessment and a $60 court facilities assessment. As so modified, the judgment is affirmed. The clerk is directed to prepare an amended abstract of judgment reflecting all fees, fines, and assessments imposed or for which a stay has been lifted, and the statutory basis for each, and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

        /s/            
BLEASE, Acting P. J.

We concur:

     /s/         
HULL, J.

     /s/         
DUARTE, J.